**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Mai Thi Bach Tran,<br>Petitioner,<br><br>v.<br><br>Warden of Adelanto ICE Processing Center et al.,<br><br>Respondents. | Case No. 5:26-cv-04961-AYP<br><br>**ORDER GRANTING PETITION AND ISSUING A WRIT FOR HABEAS CORPUS** |

Petitioner Mai Thi Bach Tran filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 27, 2026. (Dkt. No. 1 ("Petition").) For the reasons stated below, the Petition is **granted**.

## I. FACTUAL BACKGROUND

Petitioner, Mai Thi Bach Tran is a native and citizen of the Vietnam. (Pet. at 15) Petitioner entered the United States approximately thirty-seven (37) years ago. *Id*. Petitioner has a final order of removal from June 1, 2001. (Pet. at 4.) ICE determined that she was not a flight risk and released Petitioner in

April 2017. *Id.* She lived for nine years outside of immigration custody. Petitioner states she is now handicap. *Id.*

At the time of Petitioner's re-detention on June 9, 2026, Petitioner states ICE "had no reason to detain her as [she is] not a danger to the community or flight risk." (Pet. at 6.) Petitioner has remained detained since June 9, 2026, and is detained at the Adelanto ICE Processing Center in Adelanto, California.

On August 27, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to immediately release her from immigration detention. (Pet. at 7.) In this habeas action, Petitioner challenges the lawfulness of her detention by ICE, arguing, among other things, a violation of her procedural due process rights. She argues there was no material change in circumstances to justify her redetention.

In their Answer, Respondents state, "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Dkt. No. 8 at 2 ("Answer").)

## II. PROCEDURAL HISTORY

Petitioner filed a habeas petition on August 27, 2026. (Pet.) That same day, Petitioner voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case. (Dkt. No. 2.) The following day, the Court entered the Notice of General Order 26-05 and Briefing Schedule, directing Respondents to show cause why the writ of habeas corpus should not be granted and thereby adopting the standard procedures and briefing schedule under the General Order. (Dkt. No. 6.) Respondents filed their Answer on September 4, 2026. (Ans.) Thus, the matter is fully briefed and ready for decision.

## III. DISCUSSION

Petitioner argues that her detention violates due process seeks immediate release. (Pet. at 7.) Respondents have indicated that they do not intend to contest the Petition. (Ans. at 2.)

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Recently, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

Here, Petitioner argued that her detention violated her procedural and substantive due process rights and that the proper habeas remedy is an order of release. (Pet. 6–7.) Her argument is one that has been accepted by numerous courts in this Circuit, including this one. *See, e.g., Gasparyan v. Blanche et al.,* No. 2:26-CV-05139-AYP, 2026 WL 2456687, at *1 (C.D. Cal. July 27, 2026); *Ibanez-Gutierrez v. Adelanto ICE Processing Ctr.,* No. 5:26-CV-02489-AYP, 2026 WL 1772762, at *1 (C.D. Cal. June 17, 2026); *Torres v. Mullin*, No. 5:26-CV-01962-AYP, 2026 WL 1625349, at *1 (C.D. Cal. June 2, 2026).

Even so, Respondents did not respond to Petitioner's argument. *See* Ans.

Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject his claim. Their failure to do so constitutes forfeiture of the arguments they could have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (citation modified).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that her claim that her detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g., Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-

DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Because Respondents do not oppose the Petition and state that "judgment may be entered" in favor of Petitioner, Ans. at 2, the Court finds that the Petition should be granted, and judgment should be entered in favor of Petitioner.

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court finds that as the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested, Petitioner has demonstrated that the Government violated her right to due process by re-detaining her without adequate pre-deprivation process. The Court therefore GRANTS the Petition and issues a writ of habeas corpus requiring Petitioner's immediate release.

**IV. CONCLUSION**

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting Petitioner Mai Thi Bach Tran's (A# 042-207-000) Petition; (2) a writ of habeas corpus be issued requiring Petitioners' immediate release, under appropriate conditions, along with any other documents or property seized at the time of her arrest; and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that

Petitioner has been released from Respondents' custody.

Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

Dated: October 7, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE